AARON V CBS OUTDOORS, INC, No. 150900; Court of Appeals No. 317552. Leave to appeal denied at 498 Mich 853.

*In re* JMD, No. 151718; Court of Appeals No. 324899. Leave to appeal denied at 498 Mich 868.

*In re* JSF, No. 151733; Court of Appeals No. 322859. Leave to appeal denied at 498 Mich 868.

*Summary Disposition October 29, 2015:*

PEOPLE V ANTHONY SPRINGER, No. 150645; Court of Appeals No. 323616. On the Court's own motion, we vacate our order of July 28, 2015. On order of the Court, the application for leave to appeal the October 27, 2014 order of the Court of Appeals is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate in part the St. Joseph Circuit Court order of July 24, 2014 denying the defendant's motion for relief from judgment. The issue of entrapment by estoppel was not addressed in the circuit court or by the Court of Appeals in the defendant's appeal of right. Therefore, MCR 6.508(D)(2) does not apply. We remand this case to the trial court to hold a hearing on the defendant's ineffective assistance of counsel arguments pertaining to the issue of entrapment by estoppel. We further order the St. Joseph Circuit Court, in accord with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so, to appoint counsel to represent the defendant at the hearing. In all other respects, leave to appeal is denied, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

*Summary Disposition October 30, 2015:*

PEOPLE V LYLES, No. 150040; Court of Appeals No. 315323. On October 14, 2015, the Court heard oral argument on the application for leave to appeal the July 22, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we vacate the Court of Appeals judgment and we remand this case to that court.

The Court of Appeals panel correctly stated that "[r]eversal for failure to provide a jury instruction requested by a defendant is unwarranted unless it appears that it is more probable than not that the error was outcome determinative." *People v Lyles*, unpublished opinion per curiam of the Court of Appeals, issued July 22, 2014 (Docket No. 315023), p 4, citing *People v McKinney*, 258 Mich App 157, 163 (2003); MCL 769.26. However, the panel below did not clearly apply that standard. Instead, the panel cited several older cases from this Court that ante-dated our current harmless error standard for the proposition that a trial court's failure to give a requested and appropriate character evidence instruction "has been repeatedly held as error requiring reversal." *Lyles*, unpub op at 5.

None of these cases applied our current harmless error standard interpreting MCL 769.26, which holds that a "miscarriage of justice" occurs where it " 'affirmatively appear[s]' that it is more probable than